IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-071- |
| | § | SDJ-CAN |
| BRANDON HARVIN PUYET (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Brandon Harvin Puyet's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 8, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Andrew Stover.

Defendant was sentenced on December 13, 2013, before The Honorable R. Bryan Harwell of the District of South Carolina after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of a Quantity of Cocaine and Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Pursuant to a binding plea agreement for departure, he was subsequently sentenced to 180 months imprisonment followed by a 6-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment; mental health treatment; and a $100 special assessment. On February 13, 2017, pursuant to the Government's Rule 35(b) Motion, the imprisonment portion of the sentence was reduced to 96 months imprisonment. On December 18, 2019, Defendant completed his period of

imprisonment and began service of the supervision term. On April 12, 2021, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On April 20, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) The defendant shall refrain from any unlawful use of a controlled substance; (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (5) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer [Dkt. 2 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On February 13, 2021, Defendant was arrested by the Frisco, Texas Police Department for the offenses of Assault Family Violence and Terroristic Threat of Family/Household. He was released on a $5,000 bond. The latter charge remains pending under Docket No. 002-82712-2021 in Collin County Court at Law 2. The first court appearance is scheduled for June 3, 2021. According to the offense report, officers were dispatched to Defendant's ex-girlfriend's house. She advised he was intoxicated and became angered after she told him she no longer wanted to be in a relationship with him because of his alcohol problem. She stated he threatened to murder her and began throwing items from his pant's pockets around the residence. She proceeded to go to her bedroom and called 9-1-1. He

followed her into her bedroom, placed his hand above her chest, and told her he would "slap the fuck out your ass." This statement was heard on audio by the 9-1-1 operator. Defendant left the residence prior to law enforcement arriving on scene. He returned to the residence as officers were interviewing the ex-girlfriend. Officers noticed a strong odor of alcoholic beverage emitting from him. He appeared hostile towards the situation and told one of the officers "get the fuck off me" upon being arrested. It appeared as if he was trying to twist away from the officer. Defendant was very aggressive and was told to stop. It was noted that the ex-girlfriend appeared very scared and shaken; (3) (4) On December 29, 2020, Defendant submitted a positive urine specimen for methamphetamine and marijuana. He provided a verbal and written admission of using MDMA and marijuana. In his written admission, he noted he relapsed with marijuana and it led him to other things. The specimen was confirmed by the national testing lab. On February 2, 2021, he submitted a positive urine specimen for marijuana. It was noted it was dilute. He verbally admitted to said use and it was confirmed by the national testing lab. On February 24, 2021, he submitted a positive urine specimen for marijuana. He provided a verbal and written admission. In his written admission, he noted he got arrested and kind of got the "I'm going back anyway attitude and wanted to fade from all the worry!" He indicated he last used the Monday prior to this date. The specimen was confirmed by the national testing lab; (5) On May 6, 2020, Defendant was a passenger in a vehicle that was pulled over by the Richardson, Texas Police Department. According to the offense report, the vehicle was pulled over because it was not displaying a front license plate as required by Texas law. A free air sniff of the vehicle was conducted by the officer's canine and a positive alert was received. The driver of the vehicle, Jordan Shaw, admitted there was marijuana in the car and seemed very nervous that there may be something other than marijuana. During a search of the vehicle, the officer found marijuana and methamphetamine

located on the driver's side of the vehicle.  The officer asked Defendant if the drugs belonged to him and he denied any knowledge of the narcotics inside the vehicle.  Jordan Shaw initially told officers about the marijuana and then said any drugs in the car belonged to Defendant and that Defendant told her to hide the drugs in her "pussy."  She was arrested and Defendant was released from the stop.  Defendant failed to not associate with a person engaged in criminal activity on this date [Dkt. 2 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3 and 4 of the Petition.  The Government dismissed the remaining allegations, specifically allegations 1, 2, and 5.  Having considered the Petition and the plea of true to allegations 3 and 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 18].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with a term of supervised release of sixty (60) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that

program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must provide the probation officer with access to any requested financial information for the purpose of monitoring your sources of income; and (4) You must not use or possess alcohol.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**SIGNED this 24th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE