IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:21-CR-00071- |
| § | SDJ-AGD |
| BRANDON HARVIN PUYET § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is the request for revocation of Defendant Brandon Harvin Puyet's supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on March 6, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Chris Rapp.

Defendant was sentenced on December 13, 2013, before The Honorable R. Bryan Harwell of the District of South Carolina after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of a Quantity of Cocaine and Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Pursuant to a binding plea agreement for departure, Defendant was subsequently sentenced to 180 months imprisonment followed by a 6-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, and a $100 special assessment. On February 13, 2017, pursuant to a reduction of sentence for changed circumstances, the imprisonment portion of the sentence was reduced to 96 months imprisonment. On December 18, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On April 12,

REPORT AND RECOMMENDATION – Page 1

2021, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On February 12, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #28, Sealed). The Petition asserts that Defendant violated five conditions of supervision, as follows: (1) and (3) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (4) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; and (5) (mandatory) Defendant must refrain from any unlawful use of a controlled substance (Dkt. #28 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On January 25, 2024, Defendant was arrested by the Frisco Police Department for committing the offense of Possession of a Controlled Substance PG2 1–4 Grams. Per the arrest report, a clear plastic bag containing five pink pills fell from Defendant's lap as he exited the vehicle upon being stopped. Defendant informed the police officer the pills were Adderall, for which he does not have a valid prescription. On January 26, 2024, Defendant posted a $7,500 bond from Frisco City Jail. The charges are pending; (2) On January 25, 2024, during the aforementioned arrest as noted within the arrest report, Defendant was observed to have in his vehicle a fake phallus device attached to a bag with yellow liquid. This device is commonly known as a Whizzinator, which is designed to deceptively provide a urine specimen, in violation of Texas Health and Safety Code Section 481.133(a), a Class B misdemeanor. Defendant admitted to the Frisco Police Department officer that he used this device in order to pass urine tests. Defendant also admitted to Supervising U.S. Probation

Officer Jansen Kitchens that he possessed and used a Whizzinator in order to pass administered urinalyses; this verbal admission was made on February 1, 2024; and (3) On April 21, 2023 and February 1, 2024, Defendant submitted a urine specimen which tested positive for marijuana. Defendant admitted both verbally and in writing to using marijuana. On February 1, 2024, Defendant verbally admitted to Supervising U.S. Probation Officer Jansen Kitchens that he has used marijuana in the past several months (Dkt. #28 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (4) and (5) of the Petition. Having considered the Petition and the plea of true to allegations (4) and (5), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fourteen (14) months, with no supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Petersburg, Virgina if appropriate.

**IT IS SO ORDERED.**
**SIGNED this 29th day of May, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE